**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:14-CV-00010-RLV**

| | |
|---|---|
| PATRICIA LEDFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ACTING ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Attorney's Fees, brought pursuant to 42 U.S.C. § 406(b) (hereinafter, the "Motion"). [Doc. No. 19]. In the Motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." It appears from the record that the Social Security Administration ("SSA") has awarded a total of $63,604.00 in back benefits to the Plaintiff on account of her disability. According to the Plaintiff's fee agreement with her attorney, Plaintiff's counsel is entitled to fees amounting to 25% of this award, or $15,901.00. *See* [Doc. No. 19-2] at p. 3. However, for the services provided to Plaintiff, counsel requests an award of only $9,901.00 from this Court, representing 15.6% of the benefits awarded by the SSA. By previous order of this Court, the amount of $4,441.25 was awarded to the Plaintiff and sent to her counsel's office pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* [Doc. No. 18].

Upon application, courts should review contingency fee agreements, such as the one at bar, for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). In reviewing the reasonableness of any such agreement, a court should consider the following factors: (1) the overall complexity of the case; (2) the lawyering skills necessary to handle it effectively; (3) the risks involved; and (4) the significance of the result achieved. *See Mudd*, 418 F.3d at 428. When attorney's fees are awarded under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796.

Here, the Court notes that the Defendant neither opposes nor supports the requested fee, as Defendant represents she has "no direct financial stake in the outcome of this motion." [Doc. No. 20] at p. 1. Plaintiff has filed documentation to demonstrate the result achieved by counsel – a fully favorable decision awarding substantial back benefits. *See* [Doc. Nos. 19-1, 19-2]. The Court has carefully reviewed this evidence, and considering the record and case as a whole, finds that the fee requested is less than 25% of the back benefits awarded the Plaintiff and is a reasonable fee under the circumstances. *See*, *e.g.*, *Harlan v. Colvin*, No. 3:12-CV-443-GCM-DCK, 2016 WL 818713, at *1 (W.D.N.C. Mar. 2, 2016). Accordingly, Plaintiff's counsel is hereby awarded a fee in the amount of $9,901.00 pursuant to 42 U.S.C. § 406(b).

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) is hereby **GRANTED** in the amount of $9,901.00; and

(2) Upon receipt of the fees awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall forward to the Plaintiff the amount of $4,441.25, representing a reimbursement of the EAJA fees already awarded.

**SO ORDERED**.

Signed: October 26, 2016

Richard L. Voorhees
United States District Judge